Nash, J.
 

 The case presents the single question, whether the act of LS44, ch. 83, making devises to operate on such real estate as the testator may have at the time of his death, applies to the will of Peter R. Davis, under whom the plaintiff and defendant claim the land in controversy. It is a well known principle of law, that land purchased by a testator after the publication of his will, does not pass under it, for the reason that a devise is considered as a species of conveyance, and must therefore operate .on a specific subject. The act of 1844 has changed the law in this respect, and after-purchased lands will now pass by devise, provided the will be one on which the act operates. The case states that the will of Peter R. Davis was made and published in 1836, and that he died in 1850. After several devises, the will contains a residuary clause, whereby the testator devises to the defendant “ all the rest and residue of my estate of every description,” &c. Under this clause, the defendant claims the land in dispute. The plaintiffs are a part of the heirs at law of Peter R. Davis. The case further-states, that, the will was not republished after the purchase of the land. In the case of
 
 Battle
 
 v.
 
 Speight,
 
 9 Ire. 288, the precise question now before us was litigated and decided. It was there settled that the act of 1844. “ was altogether prospective,” and did - not .extend to wills made and.
 
 *24
 
 published before the time when the act went into operation, though the testator did not die until afterwards. If there had been a re-publication of the will after the purchase of the land, it would have passed. There being no such republication, it did not pass, and as to it the testator died intestate.
 

 Per Curiam. Judgment affirmed.